UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2026-CR-80074-Leibowitz/McCabe

18 U.S.C. § 371
18 U.S.C. § 922(a)(6)

UNITED STATES OF AMERICA

vs.

ANIBAL A LEIVA

Defendant.
_____/

FILED BY _____SW_____ D.C.

Apr 21, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## INDICTMENT

The Grand Jury charges that:

### General Allegations

At all times material to this Indictment:

1.      The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") is an agency of the United States Department of Justice responsible for enforcing and administering federal firearms law and regulations.

2.      Pursuant to Title 18, United States Code, Sections 922(a)(1)(A) and 923, no person shall engage in the business of dealing in firearms without first receiving a license to do so by the Attorney General.

3.      A "licensed dealer," also known as a federal firearm licensee ("FFL"), as defined by Title 18, United States Code, Section 921(a)(11), means any person who is licensed under Chapter 44, United States Code, as a dealer and includes any person engaged in the business of selling firearms at wholesale or retail; any person engaged in the business of repairing firearms or of making or fitting special barrels, stocks, or trigger mechanisms to firearms, and any person who

is a pawnbroker. Pursuant to Title 18, United States Code, Section 923, an FFL must maintain a place of business subject to inspection; complete and maintain records concerning the receipt, sale, and disposition of firearms; require customers to complete an ATF Form 4473 whenever a firearm is transferred; report multiple sales of two or more handguns to the same transferee/buyer; and conduct a background check and obtain approval of the sale through the National Instant Criminal Background Check System ("NICS").

4.     An ATF Form 4473 is designed so that an FFL may determine if he or she can lawfully sell and deliver a firearm to the person completing the form as the transferee/buyer. An ATF Form 4473 is also designed to alert the transferee/buyer of certain restrictions on the receipt and possession of firearms. The ATF Form 4473 documents the serial number, type of firearm sold, the transferee/buyer, and whether the transferee/buyer is eligible to possess and buy a firearm. Eligibility to purchase a firearm is determined by the answers to a series of questions, that cover a list of disqualifying factors under federal law, including, whether the transferee/buyer is the actual buyer, a convicted felon, has a history of drug abuse or mental incapacity, and whether the transferee/buyer has legal status to be in the United States. The transferee/buyer must personally complete the ATF Form 4473 and certify by signature that the answers are true, correct, and complete.

5.     An ATF Form 4473 includes a warning that a person is not the actual transferee/buyer of a firearm if the person is acquiring the firearm on behalf of another person. If the person is not the actual transferee/buyer, the FFL cannot transfer the firearm. The form warns that a transferee/buyer who falsely verifies that he or she is the actual buyer of the firearm, commits a crime punishable as a felony under federal law, pursuant to Title 18, United States Code, Sections

2

922(a)(6), as the true identity of the actual buyer of the firearm is material to the lawfulness of the sale. Additionally, the form warns that the State or Commerce Departments may require a transferee/buyer to obtain a license prior to exporting a firearm and any person who exports a firearm without proper authorization may be imprisoned in accordance with Title 22, United States Code, Section 2778(c).

6.     In furtherance of the national security and foreign policy interests of the United States, the United States regulates and restricts the export of arms, munitions, implements of war, and defense articles pursuant to the Arms Export Control Act (the "AECA"), codified at Title 22, United States Code, Section 2778.

7.     The principal purpose of the AECA is to provide accurate and truthful information to the United States to allow departments of the United States government to monitor and control the distribution, exportation, and delivery of defense articles.

8.     The regulations that govern such exports are the International Traffic in Arms Regulations (the "ITAR"), codified at Title 22, Code of Federal Regulations, Sections 120-130. Included in the ITAR was a list of defense articles and defense services that were subject to control under the ITAR. This list, found in Title 22, Code for Federal Regulations, Section 121.1, is called the United States Munitions List.

9.     Pursuant to the AECA and the ITAR, no defense articles or defense services may be exported or otherwise transferred from the United States to another country without a license from the United States Department of State, Directorate of Defense Trade Controls. The ITAR also prohibited re-exports, transfers, transshipments, and diversions from foreign countries of previously exported defense articles or services without State Department authorization.

10.     Non-automatic and semiautomatic firearms up to caliber .50 inclusive (including rifles, carbines, pistols, silencers, and revolvers not over .50 caliber), as well as ammunition for such firearms are recognized as defense articles under the United States Munitions List, Title 22, Code of Federal Regulations, Section 121.1, Category I, Subparts (a) and (j)(1).

11.     The defendant, **ANIBAL A LEIVA**, did not possess or obtain the necessary licenses to be an FFL and to export from the United States non-automatic and semiautomatic firearms or ammunition.

## COUNT 1
### Conspiracy to Commit Offenses against the United States
### (18 U.S.C. § 371)

1.     The allegations set forth in paragraphs 1 through 11 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.     Beginning on an unknown date, but at least as early as in or around August 2019, and continuing until at least on or about March 26, 2026, in Palm Beach County, in the Southern District of Florida, the defendant,

### ANIBAL A LEIVA,

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to commit certain offenses against the United States, that is:

(a) To knowingly make false and fictitious written statements in connection with the acquisition of firearms from licensed firearms dealers, which statements were intended and likely to deceive the licensed firearms dealers as to a fact material to the lawfulness of the sale and other disposition of such firearms, in violation of Title 18, United States Code, Section 922(a)(6); and

4

(b) To fraudulently and knowingly export and send from the United States to a place outside the United States, that is Nicaragua, any merchandise, article, and object, that is, firearms and ammunition, and did conceal and facilitate the transportation and concealment of such merchandise, article, and object prior to exportation, knowing the same to be intended for exportation, contrary to any law and regulation of the United States, that is Title 22, United States Code, Section 2778, and Title 22, Code of Federal Regulations, Section 121.1, in violation of Title 18, United States Code, Section 554(a).

## Object and Purpose of the Conspiracy

It was the object and purpose of the conspiracy for the defendant, and others known and unknown to the Grand Jury, to unlawfully enrich himself by purchasing firearms individually, and by means of false and fictitious statements, to conceal firearms and ammunition in boxes filled with clothing, and to export firearms and ammunition from the United States, without obtaining a license to deal in firearms and a license to export firearms from the government of the United States as required by law.

## Manner and Means

The manner and means by which the defendants, and others known and unknown to the Grand Jury, sought to accomplish the purpose and object of the conspiracy, included, among other things, the following:

1.     It was part of the conspiracy that **ANIBAL A LEIVA** would and did acquire firearms via Guns.com, GrabAGun.com, and other online firearms retailers.

2.     It was further part of the conspiracy that **ANIBAL A LEIVA** would and did arrange for firearms to be acquired in, and transported through, the Southern District of Florida.

5

3.      It was further part of the conspiracy that **ANIBAL A LEIVA**, acted as a straw purchaser and made material false statements to licensed firearms dealers to obtain firearms in the United States.

4.      It was further part of the conspiracy that conspirators would and did transmit funds to pay for the firearms, as well as to reimburse and pay conspirators, including transactions that occurred in the Southern District of Florida.

5.      It was further part of the conspiracy that **ANIBAL A LEIVA**, and others unknown to the Grand Jury, caused firearms and ammunition to be concealed and transported to Nicaragua without an export license.

6.      It was further part of the conspiracy that conspirators would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

## Overt Acts

In furtherance of the conspiracy, and to achieve the objects thereof, at least one of the coconspirators committed and caused to be committed, in the Southern district of Florida, at least one of the following overt acts, among others:

1.      On or about August 12, 2025, **ANIBAL A LEIVA** made a material false statement and representation in Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 to Palm Beach Shooting Center, a federally licensed firearms dealer in Palm Beach County, Florida.

2.      On or about August 20, 2025, **ANIBAL A LEIVA** took possession of three Glock, 19X pistols and a Ruger, Mark IV Tactical pistol, from Palm Beach Shooting Center, a federally licensed firearms dealer, in Palm Beach County, Florida.

3.      On or about October 2, 2025, **ANIBAL A LEIVA** made a material false statement and representation in Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 to Gator Guns and Pawn, a federally licensed firearms dealer in Palm Beach County, Florida.

4.      On or about October 4, 2025, **ANIBAL A LEIVA** took possession of a Glock 19X, 9MM pistol and a Remington 1100, 12-gauge shotgun from Gator Guns and Pawn, a federally licensed firearms dealer in Palm Beach County, Florida.

5.      On or about October 6, 2025, **ANIBAL A LEIVA** made a material false statement and representation in Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 to Delray Shooting Center, a federally licensed firearms dealer in Palm Beach County, Florida.

6.      On or about October 6, 2025, **ANIBAL A LEIVA** took possession of a Glock 19X, 9MM pistol, and a Ruger, Model LC MAX .380 caliber pistol from Delray Shooting Center, a federally licensed firearms dealer in Palm Beach County, Florida.

7.      On or about October 21, 2025, **ANIBAL A LEIVA** made a material false statement and representation in Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 to Queen of Pawn, a federally licensed firearms dealer in Palm Beach County, Florida.

8.      On or about October 21, 2025, **ANIBAL A LEIVA** took possession of a Canik, SFX Rivals, 9mm pistol and a Kimber, Custom II, .45 Cal pistol, from Queen of Pawn, a federally licensed firearms dealer, in Palm Beach County, Florida.

9.      On or about October 23, 2025, **ANIBAL A LEIVA** took possession of a Canik, SFX Rivals, 9mm pistol from Queen of Pawn, a federally licensed firearms dealer, in Palm Beach County, Florida.

10.     On or about February 16, 2026, **ANIBAL A LEIVA** made a material false statement and representation in Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 to Gator Guns and Pawn, a federally licensed firearms dealer in Palm Beach County, Florida.

11.     On or about February 16, 2026, **ANIBAL A LEIVA** took possession of a S&W, 327 Jerry Miculek, 9MM revolver, a Beretta 92X, 9MM pistol, and a Glock, 23 Gen4, .40 caliber pistol from Gator Guns and Pawn, a federally licensed firearms dealer in Palm Beach County, Florida.

12.     On or about February 17, 2026, **ANIBAL A LEIVA** delivered boxes containing firearms and ammunition to Nicaragua Cargo Express in Miami-Dade County in the Southern District of Florida for shipping to Nicaragua.

All in violation of Title 18, United States Code, Section 371.

### COUNTS 2 - 6
### Material False Statement to a Firearms Dealer
### (18 U.S.C. § 922(a)(6))

1.     The allegations set forth in paragraphs 1 through 6 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.     On or about the dates specified in each count below, in Palm Beach County, in the Southern District of Florida, the defendant,

**ANIBAL A LEIVA,**

in connection with the acquisition of a firearm from a federally licensed firearms dealer, did knowingly make a false and fictious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to a fact material to the lawfulness of the sale and other disposition of such firearm, in that **ANIBAL A LEIVA** represented in a Bureau of Alcohol,

8

Tobacco, Firearms and Explosives Form 4473, that he was the actual transferee/buyer of the firearms, when in truth and in fact, as the defendant then and there well knew, he was acquiring the firearm on behalf of another person, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

| COUNT | DATE | FIREARMS | FEDERAL FIREARMS LICENSEE |
|---|---|---|---|
| 2 | August 12, 2025 | Three (3) Glock, 19X, 9MM, pistols and (1) Ruger, Mark IV Tactical, pistol | Palm Beach Shooting Center |
| 3 | October 2, 2025 | One (1) Glock, 19X, 9MM, pistol and one (1) Remington 1100, 12-guage, shotgun | Gator Guns and Pawn |
| 4 | October 6, 2025 | One (1) Glock, 19X, 9MM, pistol and one (1) Ruger, Model LC MAX, .380 caliber, pistol | Delray Shooting Center |
| 5 | October 21, 2025 | Two (2) Canik SFX Rivals, 9mm, pistols and one (1) Kimber, Custom II, .45 caliber, pistol | Queen of Pawn |
| 6 | February 16, 2026 | One (1) Smith and Wesson, Model 327 Jerry Miculek, 9mm revolver, one (1) Beretta, 92X, 9mm pistol, one (1) Glock, Model 23 Gen4, 40 caliber pistol, and one (1) Weatherby, Model XXII, 22 caliber, rifle | Gator Guns and Pawn |

In violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendants, **ANIBAL A LEIVA,** has an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Section 922, or any other criminal law of the United States, as alleged in this Indictment, the defendant shall forfeit to

9

the United States, pursuant to Title 18, United States Code, Section 924(d)(1), any firearm and/or ammunition involved in or used in the commission of such violation.

All pursuant to Title 18, United States Code, Section 924(d)(1), 981(a)(1)(C), and the procedures set forth at Title 21, United States Code, Section 853, all of which are made applicable by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

SUZANNE HUYLER
ASSISTANT UNITED STATES ATTORNEY

10

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA**

CASE NO.: 2026-CR-80074-Leibowitz/McCabe

v.

ANIBAL A LEIVA

**CERTIFICATE OF TRIAL ATTORNEY**

_____ /

**Superseding Case Information:**

New Defendant(s) (Yes or No) No

**Court Division** (select one)

☐ Miami  ☐ Key West  ☐ FTP
☐ FTL  ☑ WPB

Number of New Defendants ___0___

Total number of new counts ___0___

I do hereby certify that:

1.  I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3.  Interpreter: (Yes or No) No
    List language and/or dialect: _____

4.  This case will take ___5___ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)

    I    ☒  0 to 5 days
    II   ☐  6 to 10 days
    III  ☐  11 to 20 days
    IV   ☐  21 to 60 days
    V    ☐  61 days and over

    (Check only one)

    ☐ Petty
    ☐ Minor
    ☐ Misdemeanor
    ☒ Felony

6.  Has this case been previously filed in this District Court? (Yes or No) No
    If yes, Judge _____ Case No. _____

7.  Has a complaint been filed in this matter? (Yes or No) No
    If yes, Judge _____ Magistrate Case No. _____

8.  Does this case relate to a previously filed matter in this District Court? (Yes or No) No
    If yes, Judge _____ Case No. _____

9.  Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No

14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____

Suzanne Huyler
Assistant United States Attorney
SDFL Court ID No.  a5503350

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**  Anibal A Leiva

**Case No:** 2026-CR-80074-Leibowitz/McCabe

Count #: 1

Conspiracy

Title 18, United States Code, Section 371

* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** NA
* **Max. Supervised Release:** 2 years
* **Max. Fine:** $250,000

Counts #: 2 - 6

Material False Statement to FFL

Title 18, United States Code, Section 922(a)(6)

* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** NA
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000